UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| In re:<br><br>PAWTUXET VALLEY PRESCRIPTION & SURGICAL CENTER, INC.,<br>Debtor. | Bk. No. 07 - 11767<br>(Chapter 11) |

**APPELLANT BANK RHODE ISLAND'S MOTION FOR PERMISSION TO COMPILE AND TRANSMIT A PARTIAL SUPPLEMENTAL PORTION OF THE RECORD ON APPEAL**

NOW COMES the appellant-creditor, Bank Rhode Island ("Bank"), and hereby moves the United States District Court for the District of Rhode Island ("District Court") for the entry of an Order granting it permission to compile and transmit to the District Court a partial supplemental portion of the record on appeal from the DIP Financing Order (as defined below) in fulfillment of the requirements set forth in Bankruptcy Rule of Procedure 8006, Local Bankruptcy Rule 8006-1 and Bankruptcy Rule of Procedure 8007. For grounds, the Bank avers as follows:

1. On October 5, 2007, the United States Bankruptcy Court for the District of Rhode Island ("Bankruptcy Court") entered a final Order Allowing Use of Cash Collateral under 11 U.S.C. §363(c)(2)(B) (the "Cash Collateral Order"), which authorized the Debtor, as the Chapter 11 debtor-in-possession, to use the Bank's cash collateral post-petition to finance the Debtor's ongoing business operations, without providing adequate protection to the Bank for the ongoing use of its secured property. Consequently, the Bank timely filed a Notice of Appeal on October 15, 2007, which appeal has been docketed in the District Court as **Case Action No. 07-390 and assigned to Judge Smith** (the "Cash Collateral Appeal").

#164

2. In connection with the Cash Collateral Appeal and pursuant to Bankruptcy Rule of Procedure 8006, the Bank filed a Designation of the Record listing all of the documents to be included in the record on appeal ("Cash Collateral Record"). Pursuant to Bankruptcy Rule of Procedure 8007, each and every of those documents were copied, compiled and transmitted from the Bankruptcy Court to the District Court. The Cash Collateral Appeal was docketed in the District Court on October 18, 2007.

3. On November 29, 2007, the Bankruptcy Court entered a final Order granting the Debtor's Motion to Obtain Postpetition Credit on a Secured Basis under 11 U.S.C. §364(d) (the "DIP Financing Order"), which granted the extraordinary relief of authorizing the Debtor, as the Chapter 11 debtor-in-possession, to obtain postpetition secured financing by priming the Bank's first position lien on the cash collateral, without providing adequate protection to the Bank for the ongoing use of its secured property. Consequently, the Bank timely filed a Notice of Appeal to the District Court on December 6, 2007, which appeal has not yet been docketed in the District Court (the "DIP Financing Appeal").

4. In connection with the DIP Financing Appeal and pursuant to Bankruptcy Rule of Procedure 8006, the Bank filed an Amended Designation of the Record listing all of the documents to be included in the record on appeal on December 18, 2007 ("DIP Financing Record"). As set forth in the Bank's Amended Designation, a copy of which is attached hereto as *Exhibit A*, the DIP Financing Record includes and encompasses the entire Cash Collateral Record (*Exhibit A* at pp. 1-3), plus the documents filed with the Bankruptcy Court thereafter and the hearing exhibits admitted into evidence in connection with Debtor's request for postpetition secured financing under §364(d) (*Exhibit A* at pp. 3-4).

5. Once the DIP Financing Appeal is docketed in the District Court, the Bank intends to move to consolidate the Cash Collateral Appeal and the DIP Financing Appeal because they involve common issues of law and fact. For the same reason, the Bank requests that the DIP Financing Appeal also be assigned to Judge Smith in the District Court.

6. Because the District Court already has the complete Cash Collateral Record, for purposes of satisfying its obligations in connection with the DIP Financing Appeal, the Bank requests that it be permitted to compile and transmit only a partial supplemental portion of the record on appeal consisting of all documents and admitted hearing exhibits pertaining to the Debtor's request for postpetition secured financing under §364(d). *See Exhibit A* attached hereto at pp. 3-4. This will save the Bank, and the Bankruptcy Court Clerk assigned to this matter, from the burdens involved in having to duplicate and transmit the entire Cash Collateral Record over again.

Consequently, for all of the reasons set forth above, the Bank respectfully requests that the District Court grant the within Motion.

BANK RHODE ISLAND
By its Attorneys,

/s/ Denean M. Russo
Robert D. Wieck, Esq. #1739
Attorney Denean M. Russo #5043
MacAdams Wieck DeLuca & Gemma Inc.
101 Dyer Street, Suite 400
Providence, Rhode Island 02903
(401) 454-8700
Dated: December 27, 2007

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the within Motion was served by electronic mail through the Bankruptcy Court's Electronic Case Filing system on the 27th day of December 2007, to the following counsel:

Andrew S. Richardson, Esq.
Steven J. Boyajian, Esq.
Boyajian Harrington & Richardson
andy@bhrlaw.com
steve@bhrlaw.com

Joseph P. Ferrucci, Esq.
Ferrucci Russo P.C.
jferrucci@frlawri.com

Leonard J. DePasquale, Esq.
Assistant United States Trustee
ustpregion01.pr.ecf@usdoj.gov

Attorney Lynda Laing
Strauss, Factor, Laing & Lyons
straussfactorlaw@cs.com

I hereby certify that on this 27th day of December 2007, a true copy of the within Motion was forwarded via first class mail, postage prepaid, to the following:

Attorney Carol Ann Slocum
Klehr Harrison Harvey Branzburg & Ellers
457 Haddonfield Road, Suite 510
Cherry Hill, NJ 08002-2220

/s/ Denean M. Russo

G:\Bank Rhode Island\Pawtuxet Valley Prescription & Surgical Center, Inc\Bankruptcy Pleadings\Motion to Compile & Transmit Partial Supplemental Record on Appeal 122707.doc