UNITED STATES BANKRUPTCY COURT
DISTRICT OF RHODE ISLAND

In re:

PAWTUXET VALLEY PRESCRIPTION & SURGICAL CENTER, INC. BK. 07-11767 CHAPTER 11

Debtor-In-Possession

MOTION TO EXTEND TIME TO MOVE TO STRIKE ITEMS FROM RECORD ON APPEAL

Pawtuxet Valley Prescription & Surgical Center, Inc. moves for an extension of time up to and including January 28, 2008 to move to strike items designated by BankRI to be included in the record on appeal of theis Court's order of November 29, 2007 authorizing the Debtor to obtain postpetiton credit on a secured basis ("Credit Order"). The reasons for the Debtor's motion are set forth in the accompanying memorandum of law.

PAWTUXET VALLEY PRESCRIPTION
& SURGICAL CENTER, INC.
By its Attorneys,

/s/ Steven J. Boyajian
Andrew S. Richardson (#2608)
Steven J. Boyajian (#7263)
Boyajian, Harrington & Richardson
182 Waterman Street
Providence, RI 02906
Tel. (401) 273-9600
Fax. (401) 273-9605
steve@bhrlaw.com

#174

NITED STATES BANKRUPTCY COURT
DISTRICT OF RHODE ISLAND

In re:

| | |
|---|---|
| PAWTUXET VALLEY PRESCRIPTION & SURGICAL CENTER, INC. | BK. 07-11767 CHAPTER 11 |

Debtor-In-Possession

MEMORANDUM OF LAW IN SUPPORT OF DEBTOR'S MOTION TO EXTEND TIME TO MOVE TO STRIKE ITEMS FROM RECORD ON APPEAL

On October 5, 2007, the United States Bankruptcy Court for the District of Rhode Island ("Bankruptcy Court") entered an order allowing the Debtor to use cash collateral over the objection of BankRI ("Cash Collateral Order"). BankRI mischaracterizes the Bankruptcy Court's decision in the Cash Collateral Order. The Cash Collateral Order did not authorize the Debtor's use of cash collateral without providing adequate protection to BankRI's secured claim. (See BankRI's pending motion at ¶ 1). The Cash Collateral Order explicitly found that BankRI's secured claim was adequately protected by an equity cushion in the collateral which secures its claim. ("Cash Collateral Order, p.5). Given this adequate protection the use of cash collateral was authorized. (Cash Collateral Order, p. 5). BankRI timely appealed the Cash Collateral Order to the United States District Court for the District of Rhode Island. The record was assembled by the clerk of the Bankruptcy Court and transmitted to the District Court in accordance with Federal Rule of Bankruptcy Procedure 8007 at which time the appeal was docketed (CA No. 07-390S)("Cash Collateral Appeal"). Opening briefs have been filed in the Cash Collateral Appeal.

of the proceedings and determine whether motions to strike certain items from the designated record would be appropriate.[1]

In light of the foregoing, the Debtor requests that it be granted an opportunity to inspect the transcripts of the Court's hearings on the Credit Motion and be granted until January 28, 2008 to file motions to strike items from the record of the Credit Appeal.

PAWTUXET VALLEY PRESCRIPTION
& SURGICAL CENTER, INC.
By its Attorneys,

/s/ Steven J. Boyajian
Andrew S. Richardson (#2608)
Steven J. Boyajian (#7263)
Boyajian, Harrington & Richardson
182 Waterman Street
Providence, RI 02906
Tel. (401) 273-9600
Fax. (401) 273-9605
steve@bhrlaw.com

[1] The Debtor notes that there is a split of authority regarding whether the District Court of the Bankruptcy Court should resolve disputes concerning the contents of the record on appeal. The Debtor believes that the reasoning of In re Nat'l Century Financial Enters., Inc., 334 B.R 907 (Bankr. S.D. Ohio 2005) compels the conclusion that it is the task of the Bankruptcy Court to determine what is included within its own record.