**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| BANK RHODE ISLAND,<br>Appellant-Creditor, | : | |
| | : | **C.A. No. 08 - 14S** |
| vs. | : | |
| | : | |
| PAWTUXET VALLEY PRESCRIPTION<br>& SURGICAL CENTER, INC.,<br>Appellee-Debtor. | : | (Bk. No. 07-11767; Chapter 11) |

**BANK RHODE ISLAND'S OBJECTION TO DEBTOR'S MOTION TO EXTEND TIME TO FILE A MOTION TO STRIKE**

Secured creditor Bank Rhode Island ("Bank") hereby objects to the Motion to Extend Time to Move to Strike Items From [the Bank's] Record on Appeal ("Motion to Extend Time") filed by the Debtor, Pawtuxet Valley Prescription & Surgical Center, Inc. ("Debtor").[1] The Debtor's Motion to Extend Time (purportedly to file a motion to strike the Cash Collateral Record portion of the Bank's designated record in this appeal) is premised upon the Debtor's argument that the underlying Bankruptcy Court proceedings must be segregated for purposes of the Bank's Cash Collateral Appeal and DIP Financing Appeal. Stated otherwise, the Debtor asserts that this District Court should not have the benefit of being allowed to consider the Cash Collateral Record in connection with determining the Bank's later in time DIP Financing Appeal, allegedly only the DIP Financing Record may be reviewed. The Debtor's argument is ill-founded and must be rejected.

The Bank filed its Motion for Authority not only to save the Bank, and the Bankruptcy Court Clerk assigned to this matter, from having to copy and transmit the same Cash Collateral

[1] All capitalized terms used herein shall have the same meaning as previously defined in the Bank's Motion for Permission to Compile and Transmit A Partial Supplemental Portion of the Record on Appeal ("Motion for Authority"), which was been granted by this Court today.

Record documents already in the possession of the District Court, but also because the entire Bankruptcy Court record with respect to the Debtor's post-petition business operations and its use of the Bank's cash collateral in this Bankruptcy case has been continuously updated since the Debtor filed its Chapter 11 Voluntary Petition on September 4, 2007 (the "Petition Date"). As demonstrated in the Bank's Motion for Authority, both the Cash Collateral Appeal and DIP Financing Appeal involve the ongoing use of the Bank's cash collateral by the Debtor and concern the critical issue of whether or not the Bank is adequately protected during the Debtor's use the cash collateral. More importantly, updated financial information concerning the status of the Debtor's ongoing business operations had been provided to the Bankruptcy Court since the Petition Date. Consequently, in connection with determining the Debtor's DIP Financing Motion, the Bankruptcy Court had within its knowledge the ongoing detrimental changes to the Debtor's financial situation which occurred over time, which is very significant in the Bank's DIP Financing Appeal. Thus, this District Court cannot review the DIP Financing Record in isolation. This Court should have the benefit of the same information as was present before the Bankruptcy Court when it made its rulings. Otherwise, the Bank will be prejudiced.

Consequently, the Debtor's Motion to Extend Time must be denied.

BANK RHODE ISLAND
By its Attorneys,

___/s/ Denean M. Russo_______

Robert D. Wieck, Esq. #1739
Attorney Denean M. Russo #5043
MacAdams Wieck DeLuca & Gemma Inc.
101 Dyer Street, Suite 400
Providence, Rhode Island 02903
(401) 454-8700
(401) 454-8755 (facsimile)
Dated: January 11, 2008

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the within Objection was served by electronic mail through the Federal District Court's Electronic Case Filing system on the 11th day of January 2008, to the following counsel:

Andrew S. Richardson, Esq.
Steven J. Boyajian, Esq.
Boyajian Harrington & Richardson
andy@bhrlaw.com
steve@bhrlaw.com

Leonard J. DePasquale, Esq.
Assistant United States Trustee
ustpregion01.pr.ecf@usdoj.gov

I hereby certify that on this 11th day of January 2008, a true copy of the within Objection was forwarded via first class mail, postage prepaid, to the following:

Carol Ann Slocum
Klehr Harrison Harvey Branzburg & Ellers
457 Haddonfield Road, Suite 510
Cherry Hill, NJ 08002-2220

/s/ Denean M. Russo

G:\Bank Rhode Island\Pawtuxet Valley Prescription & Surgical Center, Inc\Bankruptcy Pleadings\Objection to Debtor's Motion to Extend Time 011108.doc