# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| BANK RHODE ISLAND,<br>Appellant-Creditor, | : | |
| | : | **C.A. No. 08-14S** |
| vs. | : | |
| PAWTUXET VALLEY PRESCRIPTION<br>& SURGICAL CENTER, INC.,<br>Appellee-Debtor. | : | |

ON APPEAL FROM AN ORDER OF THE
UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF RHODE ISLAND
(BK. No. 07-11767; Chapter 11)

---

REPLY BRIEF OF APPELLANT-CREDITOR
BANK RHODE ISLAND

---

Robert D. Wieck, Esq. (#1739)
Attorney Denean M. Russo (#5043)
Counsel for Appellant-Creditor
MacADAMS WIECK DeLUCA & GEMMA, INC.
101 Dyer Street, Suite 400
Providence, RI 02903
Telephone (401) 454-8700
Fax (401) 454-8755

Date: March 7, 2008

# TABLE OF CONTENTS

PAGE

I. INTRODUCTION........................................................................1

II. ARGUMENTS IN REPLY........................................................................1

A. THE BANKRUPTCY COURT'S DIP FINANCING ORDER DID INDEED AUTHORIZE A PRIMING LIEN ON THE BANK'S CASH COLLATERAL AND, THEREBY, PLACED ADDITIONAL UNJUSTIFIED RISK UPON THE BANK ........................................1

B. THIS APPEAL IS NOT MOOT ........................................2

III. CONCLUSION ........................................................................3

## I. INTRODUCTION

Appellant-Creditor, Bank Rhode Island ("Bank"), submits this reply brief in response to the arguments made by the Appellee-Debtor, Pawtuxet Valley Prescription & Surgical Center, Inc. ("Debtor"), in its responsive brief dated February 27, 2008 ("Debtor's Brief"), and in further support of the Bank's appeal from the Bankruptcy Court's DIP Financing Order.[1]

## II. ARGUMENTS IN REPLY

### A. THE BANKRUPTCY COURT'S DIP FINANCING ORDER DID INDEED AUTHORIZE A PRIMING LIEN ON THE BANK'S CASH COLLATERAL AND, THEREBY, PLACED ADDITIONAL UNJUSTIFIED RISK UPON THE BANK.

The majority of the Debtor's Brief is focused on the argument that the Bankruptcy Court's DIP Financing Order, permitting the Debtor to provide H.D. Smith with a first-position, super-priority lien on the Synagis inventory and the accounts receivable eventually generated by the Debtor from the sale of Synagis, did not affect the Bank's prepetition security interest in the Debtor's cash collateral (*i.e.,* inventory, accounts receivable and cash). Clearly, the Debtor's focus is misplaced.

The Debtor completely ignores the undisputed fact that the Bank was granted a first-position replacement lien on the Debtor's inventory obtained and accounts receivable generated postpetition pursuant to an Interim Order entered by the Bankruptcy Court in this case shortly after the Debtor's Petition Date in September of 2007. A copy of that Interim Order is attached hereto as Addendum D. Consequently, by the entry of the DIP Financing Order granting H.D. Smith a first-position priority lien on the postpetition Synagis inventory and accounts receivable, the first-position replacement lien on the same Synagis inventory and accounts receivable that

[1] All capitalized terms herein shall have the same meaning as defined in the Bank's initial opening brief filed with this District Court on February 12, 2008 ("Bank's Initial Brief").

the Bank would have otherwise had therein was certainly primed and demoted to a second-position security interest. A copy of each of the DIP Financing Order and incorporated Interim Consent Order is attached hereto for the District Court's easy reference as Addendum E. As a result, additional unjustified risk was placed upon the Bank for the reasons explained in the Bank's Initial Brief at pp. 15-16 (*e.g.*, an overall operating profit of only $61,000, which calculation doesn't include certain expenses of Debtor).

B. THIS APPEAL IS NOT MOOT.

In the Debtor's Brief at footnote 9, the Debtor suggests that by the time the District Court hears this matter, this appeal will effectively be rendered moot because the Synagis season will be nearing its end[2] and, "[t]he outcome of this appeal will, almost assuredly, have no material effect on the administration of the Debtor's estate or BankRI's security interest." That statement could not be further from the truth.

The Debtor will be continuing to collect Synagis receivables, and to administer the drug Synagis to patients and generate new receivables therefrom, through at least the month of April 2008. Thus, as explained above, during that time period the Bank's security interest in the cash collateral will continue to be primed, detrimentally affecting the Bank.

Furthermore, the Bank's appeal from the DIP Financing Order is, quite simply, a continuation of the Bankruptcy Court's prior erroneous adequate protection analysis. Here, the Bankruptcy Court repeated the same fundamental adequate protection errors regarding: (a) the application of the incorrect valuation standard to the Sandy Bottom Property; and (b) the

---

[2] Again, as previously explained by Bank's counsel during the hearing on the appeal from the Cash Collateral Order, the circumstances and facts underlying appeals from Bankruptcy Court rulings relating to a Chapter 11 debtor's post-petition use of cash collateral and the granting of liens therein are dynamic and may change on a daily basis as the debtor continues to operate its business. Therefore, it is impossible to reach the appellate court level without the record being somewhat stale.

determination that where an equity cushion exists in the "hard" collateral, it is not necessary for the Bankruptcy Court to address or consider the issue of the future stability of the "soft" accounts receivable collateral assets. Consequently, this District Court needs to address those issues and stop the Bankruptcy Court from committing ongoing error at the expense of the Bank.

## III. CONCLUSION

Based upon all of the reasons set forth in the Bank's Initial Brief and above, the Bank respectfully requests that this Court reverse and vacate the DIP Financing Order entered by the Bankruptcy Court.

Respectfully submitted,

BANK RHODE ISLAND
By its Attorneys,

/s/ Denean M. Russo
Robert D. Wieck, Esq. #1739
Attorney Denean M. Russo #5043
MacAdams Wieck DeLuca & Gemma Inc.
101 Dyer Street, Suite 400
Providence, Rhode Island 02903
(401) 454-8700
(401) 454-8755 (facsimile)
Dated: March 7, 2008

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the within Appellant's Reply Brief was served by electronic mail through the Federal District Court's Electronic Case Filing system on the 7th day of March, 2008, to the following counsel:

Andrew S. Richardson, Esq.
Steven J. Boyajian, Esq.
Boyajian Harrington & Richardson
andy@bhrlaw.com
steve@bhrlaw.com

Leonard J. DePasquale, Esq.
Assistant United States Trustee
ustpregion01.pr.ecf@usdoj.gov

I hereby certify that on this 7th day of March, 2008, a true copy of the within Appellant's Reply Brief was forwarded via first class mail, postage prepaid, to the following:

Attorney Carol Ann Slocum
Klehr Harrison Harvey Branzburg & Ellers
457 Haddonfield Road, Suite 510
Cherry Hill, NJ 08002-2220

/s/ Denean M. Russo

G:\Bank Rhode Island\Pawtuxet Valley Prescription & Surgical Center, Inc\Bankruptcy Pleadings\Appellants' Reply Brief - DIP Financing 0308.doc